Teresa S. Renaker – CA State Bar No. 187800
Vincent Cheng – CA State Bar No. 230827
LEWIS, FEINBERG, LEE, RENAKER & JACKSON, P.C.
1330 Broadway, Suite 1800
Oakland, CA 94612
Telephone: (510) 839-6824
Facsimile: (510) 839-7839
trenaker@lewisfeinberg.com

Attorneys for Plaintiff

E-filing

ORIGINAL FILED
NOV 2 0 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JANE DOE,

    Plaintiff,

vs.

GROUP LONG TERM DISABILITY BENEFITS PLAN FOR EMPLOYEES OF CREDIT SUISSE FIRST BOSTON CORPORATION,

    Defendant.

Case No. C07-05875 JL ADR

**COMPLAINT (ERISA)**

## JURISDICTION

1. This action for declaratory, injunctive, and monetary relief is brought pursuant to § 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). This Court has subject matter jurisdiction over Plaintiff's claims pursuant to ERISA § 502(e) and (f), 29 U.S.C. § 1132(e) and (f), and 28 U.S.C. § 1331.

## VENUE

2. Venue lies in the Northern District of California pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because the breaches alleged occurred in this District. Venue is also proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this District.

## INTRADISTRICT ASSIGNMENT

3. Pursuant to Civil Local Rule 3-2, this action is appropriately assigned to the San Francisco or Oakland Division because this action arises in Contra Costa County, in that Plaintiff resides in and some of the breaches alleged occurred in Contra Costa County.

## PARTIES

4. At all relevant times, Plaintiff Jane Doe ("Plaintiff") was a participant, as defined by ERISA § 3(7), 29 U.S.C. § 1002(7), in the Defendant Group Long Term Disability Benefits Plan for Employees of Credit Suisse First Boston Corporation ("the Plan" or "Defendant").

5. At all relevant times, the Plan was an employee welfare benefit plan within the meaning of ERISA § 3(1), 29 U.S.C. § 1002(1), sponsored by Credit Suisse First Boston Corporation ("Credit Suisse"), and insured by Hartford Life Insurance Company ("Hartford"). At all relevant times, the Plan provided long-term disability benefits to eligible participants, including Plaintiff, which were funded by Hartford policy number GLT044278.

## FACTS

6. Plaintiff was formerly employed as a Vice President with Credit Suisse.

7. In October 2001, Plaintiff became unable to work due to symptoms of bipolar disorder.

8. Hartford approved Plaintiff's claim for short-term disability benefits from October 29, 2001, through April 28, 2002.

9. Hartford approved Plaintiff's claim for long-term disability benefits of $15,000 per month beginning April 29, 2002.

10. In August 2003, the Social Security Administration determined that Plaintiff became disabled under its rules as of October 28, 2001, and Hartford began reducing Plaintiff's Plan benefits by the amount of her Social Security benefit.

11. Plaintiff has received Social Security disability benefits continuously since August 2003.

12. By letter dated April 5, 2004, Hartford notified Plaintiff that it had determined that the Plan's limitation on benefits for disabilities due to "Mental Illness" applied to her claim.

13. The Plan defines "Mental Illness" to mean "any psychological, behavioral or emotional disorder or ailment of the mind, including physical manifestations of psychological, behavioral or emotional disorders, but excluding demonstrable, structural brain damage."

14. Plaintiff timely requested review of this determination on the ground that bipolar disorder is a physical illness that manifests itself through mental symptoms, not a mental illness.

15. By letter dated December 7, 2004, Hartford notified Plaintiff that it had reached a final decision to deny her claim under the "Mental Illness" limitation, on the ground that Plaintiff had not provided evidence of "any physical manifestations associated with her bipolar disorder that would impact her functionality."

16. Bipolar disorder is not a "disorder or ailment of the mind," but is a neurobiological disorder that affects the physical structure and chemical processes of the brain.

17. Magnetic resonance imaging demonstrates that Plaintiff has suffered structural damage to her brain, specifically global parenchymal volume loss, commonly associated with bipolar disorder.

18. Plaintiff has remained disabled and is entitled to benefits under the terms of the Plan from April 29, 2004, to the present.

19. Plaintiff has exhausted her administrative remedies.

## FIRST CLAIM FOR RELIEF

### [Claim for Benefits Pursuant to ERISA § 502(a)(1)(B)]

20. Plaintiff incorporates Paragraphs 1 through 18 as though fully set forth herein.

21. ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), permits a plan participant to bring a civil action to recover benefits due to him under the terms of a plan, to enforce his rights under the terms of a plan, and/or to clarify his rights to future benefits under the terms of a plan.

22. Plaintiff is entitled to short-term disability benefits under the Plan for the period from April 23, 2004, through October 18, 2004, but the Plan has failed to pay the benefits.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grant the following relief:

A. Declare that Defendant has violated the terms of the Plan by failing to pay Plaintiff long-term disability benefits from April 29, 2004, forward.

B. Order Defendant to pay long-term disability benefits to Plaintiff from April 29, 2004 through the date judgment is entered herein, together with prejudgment interest on each and every such monthly payment through the date judgment is entered herein;

C. Award Plaintiff reasonable attorneys' fees and costs of suit incurred herein pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g);

D. Provide such other relief as the Court deems equitable and just.

Dated: 11/19/2007

Respectfully submitted,

LEWIS, FEINBERG, LEE,
RENAKER & JACKSON P.C.

By: *[signature]*
Teresa S. Renaker

Attorneys for Plaintiff