LAURA E. FANNON (SBN 111500)
KELLY, HERLIHY & KLEIN LLP
44 Montgomery Street, Suite 2500
San Francisco, CA 94104-4798
Tel.:  (415) 951-0535
Fax:  (415) 391-7808

Attorneys for Defendant
GROUP LONG-TERM DISABILITY
BENEFITS PLAN FOR EMPLOYEES OF
CREDIT SUISSE FIRST BOSTON CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, | Case No.: C07-05875 WHA ADR |
| Plaintiff, | **ANSWER TO COMPLAINT; CERTIFICATE OF INTERESTED PARTIES** |
| vs. | |
| GROUP LONG-TERM DISABILITY BENEFITS PLAN FOR EMPLOYEES OF CREDIT SUISSE FIRST BOSTON CORPORATION, | |
| Defendant. | |

1  Defendant Group Long Term Disability Benefits Plan for Employees of Credit Suisse
2 First Boston Corporation ("the Plan") answers the complaint filed by plaintiff Jane Doe
3 ("plaintiff") as follows.  In responding to the substantive allegations of the complaint, the Plan
4 relies upon information provided by the insurer of the Plan, Hartford Life Insurance Company
5 ("The Hartford").

**JURISDICTION**

7  1.  Answering the allegations of paragraph 1 of the complaint, the Plan admits that
8 plaintiff seeks benefits pursuant to the Employee Retirement Income Security Act of 1974
9 (ERISA), 29 U.S.C. section 1001 et seq., and that this court has subject matter jurisdiction over
10 the cause.  Answering the remaining allegations of said paragraph, the Plan denies each and
11 every allegation contained therein.

**VENUE**

13  2.  Answering the allegations of paragraph 2 of the complaint, the Plan admits that
14 venue is proper in this district.  Answering the remaining allegations of said paragraph, the Plan
15 denies each and every allegation contained therein.

**INTRADISTRICT ASSIGNMENT**

17  3.  Answering the allegations of paragraph 3 of the complaint, the Plan admits that
18 this action properly is assigned to the San Francisco or Oakland Branch of this court.  Answering
19 the remaining allegations of said paragraph, the Plan denies each and every allegation contained
20 therein.

**PARTIES**

22  4.  Answering the allegations of paragraph 4 of the complaint, the Plan admits that
23 plaintiff at one time was a covered participant in the Plan.  Answering the remaining allegations
24 of said paragraph, the Plan denies each and every allegation contained therein.
25  5.  Answering the allegations of paragraph 5 of the complaint, the Plan admits that it
26 was an employee welfare benefit plan within the meaning of ERISA; that it was sponsored by
27 Credit Suisse First Boston Corporation ("Credit Suisse"); and that it was insured by The Hartford

under Hartford policy number GLT044278.  Answering the remaining allegations of said paragraph, the Plan denies each and every allegation contained therein.

### FACTS

6.   Answering the allegations of paragraph 6 of the complaint, the Plan admits the allegations contained therein.

7.   Answering the allegations of paragraph 7 of the complaint, the Plan admits that plaintiff ceased work in October 2001 and that she carried a diagnosis of bipolar disorder at that time.  Answering the remaining allegations of said paragraph, the Plan denies each and every allegation contained therein.

8.   Answering the allegations of paragraph 8 of the complaint, the Plan admits the allegations contained therein.

9.   Answering the allegations of paragraph 9 of the complaint, the Plan admits that the gross monthly benefit available to plaintiff while she satisfied the policy's applicable definition of disability and all terms and conditions of the policy was $15,000.  Answering the remaining allegations of said paragraph, the Plan denies each and every allegation contained therein.

10.  Answering the allegations of paragraph 10 of the complaint, the Plan admits the allegations contained therein.

11.  Answering the allegations of paragraph 11 of the complaint, the Plan admits that plaintiff began receiving Social Security benefits in August 2003.   Answering the remaining allegations of said paragraph, the Plan is without knowledge or information sufficient to form a belief as to the truth of the matters stated therein, and on that basis denies said allegations.

12.  Answering the allegations of paragraph 12 of the complaint, the Plan admits the allegations contained therein.

13.  Answering the allegations of paragraph 13 of the complaint, the Plan admits the allegations contained therein.

14.  Answering the allegations of paragraph 14 of the complaint, the Plan admits that plaintiff timely sought review of the claim determination on the ground that the 24-month benefit

1  limitation in the policy for disability resulting from Mental Illness as defined therein did not
2  apply.  Answering the remaining allegations of said paragraph, the Plan denies each and every
3  allegation contained therein.
4       15.   Answering the allegations of paragraph 15 of the complaint, the Plan admits that
5  The Hartford upheld its claim determination by letter dated December 7, 2004, the contents of
6  which speak for themselves.  Answering the remaining allegations of said paragraph, the Plan
7  denies each and every allegation contained therein.
8       16.   Answering the allegations of paragraph 16 of the complaint, the Plan denies each
9  and every allegation contained therein.
10      17.   Answering the allegations of paragraph 17 of the complaint, the Plan denies each
11 and every allegation contained therein.
12      18.   Answering the allegations of paragraph 18 of the complaint, the Plan denies each
13 and every allegation contained therein.
14      19.   Answering the allegations of paragraph 19 of the complaint, the Plan admits the
15 allegations contained therein.

**FIRST CLAIM FOR RELIEF**

**(Claim for Benefits Pursuant to ERISA § 502(a)(1)(B))**

18      20.   Answering the allegations of paragraph 20 of the complaint, the Plan incorporates
19 herein by reference its answers to paragraphs 1 through 19 above as though fully set forth herein.
20      21.   Answering the allegations of paragraph 21 of the complaint, the Plan admits the
21 allegations contained therein.
22      22.   Answering the allegations of paragraph 22 of the complaint, the Plan denies each
23 and every allegation contained therein.
24      WHEREFORE, the Plan prays for judgment as set forth below.

# AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Failure To State a Claim for Relief)

23.  Neither plaintiff's complaint, nor any claim for relief set forth therein, states facts sufficient to constitute a claim for relief against the Plan.

## SECOND AFFIRMATIVE DEFENSE

### (Policy Limitation on Benefits Payable for Mental Illness)

24.  The insurance policy through which benefits were provided to claimants, including plaintiff, contained the following provision:

**MENTAL ILLNESS AND SUBSTANCE ABUSE BENEFITS**

**Are benefits limited for Mental Illness or substance abuse?**

If you are Disabled because of:
  (1)  Mental Illness that results from any cause;
  (2)  any condition that may result from Mental Illness;
  . . .
then, subject to all other Policy provisions, benefits will be payable:
  (1)  only for so long as you are confined in a hospital or other place licensed to provide medical care for the disabling condition; or
  (2)  when you are not so confined, a total of 24 months for all such Disabilities during your lifetime.

**Mental Illness** means any psychological, behavioral or emotional disorder or ailment of the mind, including physical manifestations of psychological, behavioral or emotional disorders, but excluding demonstrable, structural brain damage.

As the quoted policy provision applied to plaintiff's claim, and as benefits were paid to plaintiff for a full 24 months, nothing further is due or owing to plaintiff.

## THIRD AFFIRMATIVE DEFENSE

### (Waiver and Estoppel)

25.  The Plan alleges, on information and belief, that by plaintiff's or her agents' own fault, plaintiff has waived and relinquished, or is estopped to assert, every claim for relief asserted in her complaint.

-4-
ANSWER TO COMPLAINT; CERTIFICATE OF INTERESTED PARTIES
CASE NO. C07-05875 WHA ADR

**FOURTH AFFIRMATIVE DEFENSE**

**(Failure To Satisfy Conditions Precedent)**

26.     Plaintiff has failed to satisfy all conditions precedent to continued payment of benefits under the policy that is the subject of this action.

**FIFTH AFFIRMATIVE DEFENSE**

**(Offsets)**

27.     The Plan denies that any amount remains due and owing to plaintiff under the group disability policy sued upon. However, if the court should determine that any amount remains due and owing to plaintiff, all benefits to be paid are subject to offset and reduction by Other Income Benefits as defined in the policy and in accordance with its terms.

**SIXTH AFFIRMATIVE DEFENSE**

**(ERISA Preemption)**

28.     Plaintiff's complaint, and every cause of action alleged therein, is preempted by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. section 1001, et seq. Therefore, plaintiff is not entitled to any remedy not provided under ERISA.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Policy Defenses)**

29.     The Plan denies that it has any responsibility to plaintiff for the obligations alleged in plaintiff's complaint, in that the Plan was fully underwritten by The Hartford and the claim was administered solely by The Hartford. If, however, the court should determine that the Plan has such responsibility, then plaintiff's claim against the Plan is subject to all of the conditions, exclusions, and limitations contained in the policy.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Discretionary Authority)**

30.   The policy sued upon contains the following provision:

**Who interprets policy terms and conditions?**
We have full discretion and authority to determine eligibility for benefits and to construe and interpret all terms and provisions of the Group Insurance Policy.

Therefore, the claim determination must be reviewed for abuse of discretion.

**NINTH AFFIRMATIVE DEFENSE**

**(Requirements for Attorneys' Fees Not Met)**

31.   Plaintiff's claim does not meet the requirements for an award of attorneys' fees under Ninth Circuit ERISA law.  Therefore, plaintiff is not entitled to recovery of attorneys' fees against the Plan.

**TENTH AFFIRMATIVE DEFENSE**

**(Reservation of Defenses)**

32.   The Plan presently has insufficient knowledge or information from which to form a belief as to whether it may have additional, as yet unstated, defenses available.   The Plan reserves the right to assert additional defenses to the extent that such additional defenses are determined to be appropriate.

WHEREFORE, the Plan prays for judgment against plaintiff as follows:

1.   That plaintiff take nothing by reason of her complaint on file herein;

2.   That the court declare that that the Mental Illness limitation applied to the claim sued upon and that plaintiff has received all benefits owed to her;

3.   That defendants be awarded their attorneys' fees and costs of suit herein; and

1  4. That the court grant such other and further relief as it may deem just and proper.

KELLY, HERLIHY & KLEIN LLP

Date: January 17, 2008                   By_____/S/_____
                                                    Laura E. Fannon
                                               Attorneys for Defendant
                                            GROUP LONG-TERM DISABILITY
                                            BENEFITS PLAN FOR EMPLOYEES OF
                                            CREDIT SUISSE FIRST BOSTON
                                            CORPORATION

## CERTIFICATE OF INTERESTED PARTIES

Each defendant hereby identifies any parent corporation and any publicly held corporation that owns 10 percent or more of its stock, as follows:

As to defendant, Group Long Term Disability Benefits Plan for Employees of Credit Suisse First Boston Corporation ("the Plan"): None. The Plan was fully insured by Hartford Life Insurance Company, which is not a party to this action.

Other than the entities listed above, defendants are not aware of any other persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities known to have either: (i) a financial interest of any kind in the subject matter in controversy or in a party to the proceeding, or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

Dated: January 17, 2008                  KELLY, HERLIHY & KLEIN LLP

                                         By _____/S/_____
                                                    Laura E. Fannon
                                               Attorneys for Defendant
                                            GROUP LONG-TERM DISABILITY
                                            BENEFITS PLAN FOR EMPLOYEES OF
                                            CREDIT SUISSE FIRST BOSTON
E:\27289\P01.doc                            CORPORATION