

1  Teresa S. Renaker – CA State Bar No. 187800
   Vincent Cheng – CA State Bar No. 230827
2  LEWIS, FEINBERG, LEE, RENAKER & JACKSON, P.C.
   1330 Broadway, Suite 1800
3  Oakland, CA  94612
   Telephone: (510) 839-6824
4  Facsimile: (510) 839-7839
   trenaker@lewisfeinberg.com
5  vcheng@lewisfeinberg.com

6  *Attorneys for Plaintiff*

7

8

9              IN THE UNITED STATES DISTRICT COURT

10           FOR THE NORTHERN DISTRICT OF CALIFORNIA

11                 SAN FRANCISCO DIVISION

12

13  JANE DOE,                              )
                                           )   Case No. C07-05875 (WHA)
14              Plaintiff,                 )
                                           )   **JOINT CASE MANAGEMENT**
15      vs.                                )   **STATEMENT AND [PROPOSED]**
                                           )   **ORDER**
16  GROUP LONG TERM DISABILITY             )
    BENEFITS PLAN FOR EMPLOYEES OF         )
17  CREDIT SUISSE FIRST BOSTON             )   CTRM:  9
    CORPORATION,                           )   DATE:  February 28, 2008
18                                         )   TIME:   11:00 a.m.
                Defendant.                 )
19  _____

20

21

22        Pursuant to Local Rule 16-9, plaintiff Jane Doe ("Ms. Doe") and defendant Group Long

23  Term Disability Benefits Plan for Employees of Credit Suisse First Boston Corporation ("the

24  Plan") jointly submit this Case Management Statement.

25  **1.    JURISDICTION AND SERVICE**

26        This Court has subject matter jurisdiction over Plaintiff's claims pursuant to ERISA §

27  502(e) and (f), 29 U.S.C. § 1132(e) and (f), and 28 U.S.C. § 1331.  No issues exist regarding

28  personal jurisdiction or venue, and no parties remain to be served.

JOINT CASE MANAGEMENT STATEMENT [Case No. C07-05875 (WHA)]          Page 1

1  **2.    FACTS**

2          Ms. Doe is a former employee of Credit Suisse First Boston Corporation and a

3  participant in the Plan.  Hartford Life Insurance Company insures and administers the Plan.  Ms.

4  Doe received long-term disability benefits under the Plan from April 29, 2002, through April 28,

5  2004, based on disability due to bipolar disorder.  Effective April 29, 2004, Hartford terminated

6  Ms. Doe's benefits under the Plan's 24-month limitation on benefits payable for disabilities due

7  to "mental illness."

8          Ms. Doe brings suit under Section 502(a)(1)(B) of ERISA,[1] 29 U.S.C. § 1132(a)(1)(B),

9  for benefits she alleges are due her under the terms of the Plan.

10 **3.    LEGAL ISSUES**

11         A.    Whether the appropriate standard of review of Ms. Doe's claim is de novo or

12 abuse of discretion.

13         B.    If review is for abuse of discretion, the level of skepticism applicable under

14 *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955 (9th Cir. 2006) (en banc).

15         C.    Whether the Plan bears the  burden of showing applicability of the mental illness

16 limitation.

17         D.    If review is for abuse of discretion, whether the Plan's claim administrator, The

18 Hartford, abused its discretion in determining that plaintiff was not entitled to benefits after 24

19 months or, if review is de novo, whether Ms. Doe is entitled to benefits under the Plan terms.

20         E.    The scope of the administrative record.

21         F.    The scope of permissible discovery.

22 **4.    MOTIONS**

23         The parties anticipate filing cross-motions for summary judgment.  Additional motions

24 to address potential discovery disputes are foreseeable.

25 **5.    AMENDMENT OF PLEADINGS.**

26         None contemplated.

27

28

[1] The Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq.

**6.    EVIDENCE PRESERVATION.**

All evidence has been preserved.

**7.    DISCLOSURES.**

The parties will have exchanged initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) before the date of the Case Management Conference.

**8.    DISCOVERY.**

Plaintiff contemplates limited discovery going to the standard of review, including (1) Hartford's policies and practices with regard to application of the mental illness limitation; (2) Hartford's relationship with University Disability Consortium, reviewed Ms. Doe's medical records for Hartford; and (3) evidence on which the Plan may rely in attempting to make an affirmative showing that Hartford's structural conflict of interest did not influence its decision-making process. *See Abatie*, 458 F.3d at 969 & n.7.

The Plan asserts that plaintiff's proposed discovery is overly broad but prefers to address discovery matters as they arise rather than hypothetically in the context of this Joint Case Management Statement.

**9.    CLASS ACTIONS**

Not applicable.

**10.    RELATED CASES**

None.

**11.    RELIEF**

Ms. Doe seeks payment of her Plan benefit of $15,000 per month, less applicable offsets, from April 29, 2004, through the date of judgment herein, plus prejudgment interest and plus attorneys' fees and costs of suit pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g).

**12.    SETTLEMENT AND ADR**

The parties have not engaged in settlement discussions to date. The parties have agreed to seek a settlement conference before a Magistrate Judge and have requested an ADR Phone Conference to that end.

13. **CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The parties do not consent.

14. **OTHER REFERENCES**

None suitable.

15. **NARROWING OF ISSUES**

The parties do not request to bifurcate issues, claims, or defenses.

16. **EXPEDITED SCHEDULE**

Please see the proposed schedules in item No. 17.

17. **SCHEDULING**

The parties propose the following schedule:

Discovery cutoff:     July 1, 2008

Dispositive motions to be filed:     July 29, 2008

The parties propose that the Court defer scheduling a trial until the time of resolution of the cross-motions for summary judgment.

18. **TRIAL**

Two-day bench trial.

19. **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

The Plan discloses that Hartford Life Insurance Company has a financial interest in the outcome of the case.

Ms. Doe knows of no non-party interested entity or person other than that disclosed by Defendant.

20. **OTHER MATTERS**

None.

DATED: February 20, 2008

Respectfully submitted,

LEWIS, FEINBERG, LEE,
RENAKER & JACKSON, P.C.

By:

Teresa S. Renaker
Vincent Cheng
*Attorneys for Plaintiff*

1    DATED:      February 19, 2008              KELLY, HERLIHY & KLEIN, LLP

2                                       By:    *Laura E. Fannon*

3                                              Laura E. Fannon
                                               *Attorneys for Defendant*

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**[PROPOSED] ORDER**

The above Joint Case Management Statement is hereby adopted by the Court as the

Case Management Order for the case and the parties are ordered to comply with this order.  In

addition, the Court orders:


DATED: _____, 2008          _____

                                                           UNITED STATES DISTRICT JUDGE