```
 1  LAURA E. FANNON (SBN 111500)
    WILSON, ELSER, MOSKOWITZ,
 2      EDELMAN & DICKER LLP
    525 Market Street, 17th Floor
 3  San Francisco, CA 94105-2725
    Tel.: (415) 433-0990
 4  Fax: (415) 434-1370

 5  Attorneys for Defendant
    GROUP LONG-TERM DISABILITY
 6  BENEFITS PLAN FOR EMPLOYEES OF
    CREDIT SUISSE FIRST BOSTON CORPORATION
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>GROUP LONG-TERM DISABILITY BENEFITS PLAN FOR EMPLOYEES OF CREDIT SUISSE FIRST BOSTON CORPORATION,<br><br>　　　　Defendant. | Case No.: C07-05875 WHA ADR<br><br>**PROPOSED ORDER GRANTING DEFENDANT PLAN'S MOTION FOR SUMMARY JUDGMENT (ERISA)**<br><br>Date:　May 29, 2008<br>Time:　8:00 a.m.<br>Courtroom 9, 19th Floor<br><br>Hon. William H. Alsup<br><br>Documents Attached:<br>1. Notice, Motion, and Memorandum;<br>2. Tubbs Declaration;<br>3. Fannon Declaration;<br>4. Notice of Manual Filing;<br>5. Request for Judicial Notice. |

---

PROPOSED ORDER GRANTING DEFENDANT PLAN'S MOTION FOR SUMMARY JUDGMENT
CASE NO. C07-05875 WHA ADR

348890.1

1  Pursuant to Rule 56 of the Federal Rules of Civil Procedure, the motion of defendant Group Long Term Disability Benefits Plan for Employees of Credit Suisse First Boston Corporation ("the Plan") for summary judgment or summary adjudication of issues came on regularly for hearing on May 29, 2008, the Honorable William H. Alsup presiding. Plaintiff Jane Doe ("plaintiff") was represented by Teresa Renaker, Esq., and Vincent Cheng, Esq., of the law firm of Lewis, Feinberg, Lee, Renaker & Jackson, P.C. The Plan was represented by Laura Fannon, Esq., of the law firm of Wilson, Elser, Moskowitz, Edelman & Dicker LLP.

The court having considered the documents filed in support of and in opposition to the motion, the arguments of counsel at the hearing on the motion, the entire administrative record, and the pleadings on file in this action, and good cause appearing, the court hereby GRANTS the Plan's motion for summary judgment on the ground that there is no triable issue of fact, and the Plan is entitled to judgment as a matter of law, in that the Plan's designated claim administrator, Hartford Life Insurance Company, did not abuse its discretion in limiting payment of benefits to plaintiff to the 24-month maximum benefit period for which the policy's Mental Illness provision provides.

Date: _____

_____
William H. Alsup, Judge
United States District Court