Teresa S. Renaker – CA State Bar No. 187800
Vincent Cheng – CA State Bar No. 230827
LEWIS, FEINBERG, LEE, RENAKER & JACKSON, P.C.
1330 Broadway, Suite 1800
Oakland, CA  94612
Telephone: (510) 839-6824
Facsimile: (510) 839-7839
trenaker@lewisfeinberg.com
vcheng@lewisfeinberg.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LARA DOE, a fictitious name,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>GROUP LONG TERM DISABILITY BENEFITS PLAN FOR EMPLOYEES OF CREDIT SUISSE FIRST BOSTON CORPORATION,<br><br>　　　　　Defendant. | Case No. C07-05875 (WHA)<br><br>**DECLARATION OF VINCENT CHENG IN SUPPORT OF PLAINTIFF'S FED. R. CIV. P. 56(f) REQUEST FOR DENIAL OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date:　May 29, 2008<br>Time:　8:00 a.m.<br>Dept:　Courtroom 9, 19th Floor<br>Judge:　Honorable William H. Alsup |

I, VINCENT CHENG, declare as follows:

1.　I am a member in good standing of the State Bar of California and an attorney at Lewis, Feinberg, Lee, Renaker & Jackson, P.C., which is counsel for Plaintiff in this action. I make this declaration of personal knowledge and if called as a witness I could and would testify competently to the facts stated herein.

2.　I have handled this action since its inception and am familiar with the claims alleged by Plaintiff in this action.

3.　Plaintiff will likely obtain the following information, among others, pertaining to

Hartford Life Insurance Company's ("Hartford") conflict of interest in administering Plaintiff's long-term disability benefits claim if discovery is allowed in this action:

    a. Information as to whether Hartford has consistently interpreted terms of policies for conditions that have physical origins and mental manifestations such as bipolar disorder;

    b. Information as to whether Hartford terminated Plaintiff's benefits partly because the policy issued by Hartford to fund the Defendant plan was cancelled or terminated;

    c. Information as to whether there were procedural irregularities in Hartford's handling of Plaintiff's claim and what they were – including information regarding why Hartford conducted another review of Plaintiff's claim file in May 2006 after Hartford denied her administrative appeal in December 2004.

4. Attached hereto as Exhibit A is Plaintiff's Proposed Requests for Production of Documents to Defendant seeking discovery that may establish some of the facts listed in paragraph 3.

5. Attached hereto as Exhibit B is Plaintiff's Proposed Notice of Rule 30(b)(6) Depositions seeking discovery that may establish some of the facts listed in paragraph 3.

6. I believe that the information obtained from the discovery outlined above will raise a genuine issue of material fact concerning the appropriate standard of review in this case, and therefore, that Defendant's present Motion for Summary Judgment should be denied as premature pursuant to Federal Rule of Civil Procedure 56(f).

I declare under penalty of perjury that the foregoing is true and correct, except as to those matters stated on information and belief, and as to those, I believe them to be true.

Executed this 8th day of May, 2008, at Oakland, California.

                                                /s/ Vincent Cheng
                                                Vincent Cheng

# EXHIBIT A

Teresa S. Renaker – CA State Bar No. 187800
Vincent Cheng – CA State Bar No. 230827
LEWIS, FEINBERG, LEE, RENAKER & JACKSON, P.C.
1330 Broadway, Suite 1800
Oakland, CA 94612
Telephone: (510) 839-6824
Facsimile: (510) 839-7839
trenaker@lewisfeinberg.com
vcheng@lewisfeinberg.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LARA DOE [FICTITIOUS NAME],<br><br>Plaintiff,<br><br>vs.<br><br>GROUP LONG TERM DISABILITY BENEFITS PLAN FOR EMPLOYEES OF CREDIT SUISSE FIRST BOSTON CORPORATION,<br><br>Defendant. | Case No. C07-05875 (WHA)<br><br>**PLAINTIFF'S [PROPOSED] REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT** |

PROPOUNDING PARTY: PLAINTIFF LARA DOE

RESPONDING PARTY: DEFENDANT GROUP LONG TERM DISABILITY BENEFITS PLAN FOR EMPLOYEES OF CREDIT SUISSE FIRST BOSTON CORPORATION

SET NO.: ONE

**PLAINTIFF'S [PROPOSED] REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Lara Doe requests that Defendant Group Long Term Disability Benefits Plan for Employees of Credit Suisse First Boston Corporation (1) respond in writing to each and every Request made below, and (2) produce or make available for inspection and copying each and every DOCUMENT described in these Requests. Production is to be made at the offices of Lewis, Feinberg, Lee, Renaker &

PLAINTIFF'S [PROPOSED] REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT
[CASE NO. C07-05875 (WHA)]

Jackson, P.C., 1330 Broadway, Suite 1800, Oakland, CA 94612, on or before _____, 2008.

## INSTRUCTIONS

A. This Request applies to all DOCUMENTS in YOUR actual or constructive possession, except DOCUMENTS already produced as part of Defendant's initial disclosures in this action.

B. If ANY DOCUMENT was, but no longer is, in YOUR possession, custody, or control, or was known to YOU but is no longer in existence or within YOUR custody, state whether it is (a) missing or lost, (b) destroyed, (c) transferred (voluntarily or involuntarily) to others, or (d) disposed of in some other manner. In each instance, explain in detail the circumstances surrounding the disposition of the DOCUMENT, who authorized the action taken, who carried out the action, and the date of the action.

C. YOU may redact from the DOCUMENTS to be produced ANY name, address, telephone number, or Social Security number of ANY claimant other than Plaintiff.

D. This Set of Requests shall not be deemed to call for identical copies of DOCUMENTS. A DOCUMENT with handwritten notes or marks is not identical to one without such notes or marks.

E. If YOU withhold ANY DOCUMENT on ground of a privilege or rule of law protecting it from disclosure, state, with respect to each such document, the basis for the privilege claimed, and describe the nature of the DOCUMENT which YOU claim is privileged.

F. If the requested DOCUMENTS are maintained in a file, please produce the file folder or container with the DOCUMENTS.

G. The use of any singular word includes both the singular and the plural of that word, and vice versa. The use of any masculine or feminine pronoun includes both the masculine and feminine.

## DEFINITIONS

For purposes of this Request, the following terms have the following meanings:

1. The term "PLAINTIFF" means Plaintiff in this action.

2. The terms "DEFENDANT," "THE PLAN," and "PLAN," and the pronouns "YOU" and

"YOUR" mean Group Long Term Disability Benefits Plan for Employees of Credit Suisse First Boston Corporation, its former and current officers, employees, attorneys, insurers, consultants, agents, representatives, service providers thereof, and each of them, as well as any predecessor, successor, entity, agency, or committee formed, controlled by, or otherwise affiliated with Group Long Term Disability Benefits Plan for Employees of Credit Suisse First Boston Corporation, and each of them.

3. The term "HARTFORD" means Hartford Life Insurance Company, its subsidiaries, affiliates, officers, employees, attorneys, consultants, agents, representatives, and each of them, as well as any predecessor, successor, entity, agency, or committee formed, controlled by, or otherwise affiliated with, Hartford Life Insurance Company, and each of them.

4. The term "ERISA" means the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq.

5. The term "CLAIM" means a claim for long-term disability benefits under the terms of any ERISA-governed long-term disability plan administered by HARTFORD, including any claim for long-term disability benefits under the terms of THE PLAN.

6. The term "APPEAL" means any appeal or request for review of the denial or termination of a CLAIM for long-term disability benefits under the terms of any ERISA-governed long-term disability plan administered by HARTFORD, including any appeal of a denial or termination of a CLAIM for long-term disability benefits under the terms of THE PLAN.

7. The term "PARTICIPANT" means any participant, as defined in ERISA § 3(7), 29 U.S.C. § 1002(7), in any long-term disability plan governed by ERISA and administered by HARTFORD.

8. The terms "DOCUMENT" and "DOCUMENTS" mean any medium upon which intelligence or information can be recorded or retrieved, and include without limitation the original and each copy, regardless of origin and location, of any book, pamphlet, periodical, letter, facsimile, memorandum (including memorandum or report of a

meeting or conversation), invoice, bill, order form, receipt, financial statement, accounting entry, diary, calendar, telex, telegram, cable, report, record, contract, agreement, study, handwritten note, draft, working paper, chart, paper, print, drawing, sketch, graph, index, list, tape, photograph, microfilm, data sheet or data processing card, electronic mail, computer file or disk, or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced, which is in YOUR possession, custody, or control and not already produced in Defendant's initial disclosures in this action.

9. The terms "RELATING TO" and "RELATED TO" mean having a connection, direct or indirect, or containing some reference, direct or indirect, to the requested documentation, person, or subject matter in question, without limitation unless specifically indicated.

10. The term "all," such as in "All DOCUMENTS," means "each and every."

11. The terms "any" or "each" shall be understood to include "all."

12. The term "every" shall mean "each and every."

13. The word "or" appearing in a Request should not be read so as to eliminate any part of the Request but, whenever applicable, should be given the same meaning as the word "and."

## DOCUMENTS TO BE PRODUCED

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS describing, constituting or RELATING TO any review by Bruce Luddy of PLAINTIFF's CLAIM or APPEAL for benefits under THE PLAN at any time between October 1, 2001 through the present.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS describing, constituting or RELATING TO Bruce Luddy's position or job responsibilities at HARTFORD at any time between October 1, 2001 through the present.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS describing, constituting or RELATING TO the cancellation or termination, at any time between October 1, 2001 through the present, of any policy issued by

HARTFORD to fund THE PLAN.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS describing, evidencing, or constituting any claims manual RELATING TO the administration of CLAIMS or APPEALS under any ERISA-governed long-term disability plan administered by HARTFORD between October 1, 2001 through the present.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS describing, evidencing, or constituting any policy, procedure, guideline, instruction, protocol, or directive in effect at any time between October 1, 2001 through the present, RELATING TO interpretation or application of the term "mental illness" or "mental disorder" in HARTFORD's administration of any CLAIM or APPEAL.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS describing, evidencing, or constituting any policy, procedure, guideline, instruction, protocol, or directive in effect at any time between October 1, 2001 through the present, RELATING TO interpretation or application of any policy provision limiting payment of benefits for disabilities due to mental illnesses or mental disorders in HARTFORD's administration of any CLAIM or APPEAL.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS describing, evidencing, or constituting any policy, procedure, guideline, instruction, protocol, or directive in effect at any time between October 1, 2001 through the present, RELATING TO HARTFORD's administration of any CLAIM or APPEAL involving a diagnosis of bipolar disorder.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS describing, evidencing, or constituting any policy, procedure, guideline, instruction, protocol, or directive in effect at any time between October 1, 2001 through the present, RELATING TO HARTFORD's administration of any CLAIM or APPEAL involving a diagnosis of dementia.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS describing, evidencing, or constituting any policy, procedure,

guideline, instruction, protocol, or directive in effect at any time between October 1, 2001 through the present, RELATING TO HARTFORD's administration of any CLAIM or APPEAL involving a diagnosis of autism.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS describing, evidencing, or constituting any policy, procedure, guideline, instruction, protocol, or directive in effect at any time between October 1, 2001 through the present, RELATING TO HARTFORD's administration of any CLAIM or APPEAL involving any structural brain damage.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS describing, evidencing, or constituting any policy, procedure, guideline, instruction, protocol, or directive in effect at any time between October 1, 2001 through the present, RELATING TO HARTFORD's administration of any CLAIM or APPEAL involving a diagnosis of epilepsy.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS describing, evidencing, or constituting any policy, procedure, guideline, instruction, protocol, or directive in effect at any time between October 1, 2001 through the present, RELATING TO HARTFORD's administration of any CLAIM or APPEAL involving seizures or seizures-related symptoms.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS describing, evidencing, or constituting any policy, procedure, guideline, instruction, protocol, or directive in effect at any time between October 1, 2001 through the present, RELATING TO any approval or sign-off or director-level approval or sign-off prior to payment of benefits for any CLAIM.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS RELATING TO PLAINTIFF's CLAIM or APPEAL for benefits under THE PLAN.

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS describing, evidencing, or constituting the qualifications, experience,

and training in the processing of long-term disability benefits CLAIMS, of each employee of or consultant hired or retained by HARTFORD who was involved in any aspect of the review of PLAINTIFF's CLAIM or APPEAL for benefits under THE PLAN.

Dated: _____, 2008

Respectfully submitted,

LEWIS, FEINBERG, LEE,
RENAKER & JACKSON, P.C.

By: _____
Teresa Renaker
Vincent Cheng
Attorneys for Plaintiff

# EXHIBIT B

Case 3:07-cv-05875-WHA   Document 49   Filed 05/08/2008   Page 11 of 13

1  Teresa S. Renaker – CA State Bar No. 187800
   Vincent Cheng – CA State Bar No. 230827
2  LEWIS, FEINBERG, LEE, RENAKER & JACKSON, P.C.
   1330 Broadway, Suite 1800
3  Oakland, CA 94612
   Telephone: (510) 839-6824
4  Facsimile: (510) 839-7839
   trenaker@lewisfeinberg.com
5  vcheng@lewisfeinberg.com

6  *Attorneys for Plaintiff*

7              IN THE UNITED STATES DISTRICT COURT

8            FOR THE NORTHERN DISTRICT OF CALIFORNIA

9                     SAN FRANCISCO DIVISION

10

11 | LARA DOE [FICTITIOUS NAME],          )
                                          ) Case No. C07-05875 (WHA)
12 |         Plaintiff,                   )
                                          )
13 |   vs.                                ) **[PROPOSED] NOTICE OF
                                          ) DEPOSITION OF GROUP LONG
14 | GROUP LONG TERM DISABILITY           ) TERM DISABILITY BENEFITS PLAN
     BENEFITS PLAN FOR EMPLOYEES OF       ) FOR EMPLOYEES OF CREDIT
15 | CREDIT SUISSE FIRST BOSTON           ) SUISSE FIRST BOSTON
     CORPORATION,                         ) CORPORATION PURSUANT TO
16 |                                      ) FEDERAL RULE OF CIVIL
             Defendant.                   ) PROCEDURE 30(b)(6)**
17 |                                      )
                                          )
18 |                                      )

19 _____

20 TO EACH PARTY AND TO EACH ATTORNEY OF RECORD IN THIS ACTION:

21         PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil

22 Procedure, Plaintiff will take the deposition upon oral examination of Defendant Group Long

23 Term Disability Benefits Plan for Employees of Credit Suisse First Boston Corporation

24 ("Defendant"), through its designated agent(s).

25         The deposition will commence on _____, 2008 at 9:00 a.m., at the offices of Lewis,

26 Feinberg, Lee, Renaker & Jackson, P.C., 1330 Broadway, Suite 1800, Oakland, CA 94612, or at

27 another mutually agreeable location.  Pursuant to the provisions of Rule 30(b)(6) of the Federal

28 Rules of Civil Procedure, Defendant is hereby directed to designate one or more officers,

[PROPOSED] NOTICE OF RULE 30(b)(6) DEPOSITION OF DEFENDANT
[CASE NO. C07-05875 (WHA)]

directors, managing agents, or other persons who are most knowledgeable and competent to testify regarding the matters designated below:

    1.    Hartford Life Insurance Company's policies and practices concerning interpretation of long-term disability policy terms in the administration of disability benefits claims involving mental illnesses or mental disorders;

    2.    Hartford Life Insurance Company's policies and practices concerning application of long-term disability policy terms to mental illnesses or mental disorders.

PLEASE TAKE FURTHER NOTICE that the deposition will be recorded by video and audio recording and that Live Note may be used. Plaintiffs reserve the right to use the videotaped testimony at trial.

Dated: _____, 2008

Respectfully submitted,

LEWIS, FEINBERG, LEE,
RENAKER & JACKSON, P.C.

By: _____
Teresa Renaker
Vincent Cheng
Attorneys for Plaintiff